**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH PADILLA,**

               **Plaintiff,**

**-vs-**                                                **Case No. 6:11-cv-528-Orl-28KRS**

**COLONIAL PROPERTIES SERVICES,**
**LP,**

               **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE, JOINT MOTION FOR APPROVAL OF SETTLEMENT (DOC. NO. 22)**
>
> **FILED:**       October 7, 2011

**I.    PROCEDURAL HISTORY.**

Plaintiff Joseph Padilla filed a complaint against Defendant Colonial Properties Services, LP (Colonial Properties) alleging that Colonial Properties failed to pay him overtime compensation required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Doc. No. 1. The parties have now settled the case and request that the Court find that the settlement is a fair and reasonable resolution of the dispute as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

## II. ANALYSIS.

In his answers to the Court's interrogatories, Padilla averred that he was owed $11,569.50 in overtime compensation and an equal amount in liquidated damages. Doc. No. 19 at 4. Under the settlement agreement, Padilla will receive $6,010.00. Doc. No. 22-1 at 2. The parties represent that Defendant's time records did not reflect that Padilla worked any overtime hours for which he was not compensated and that Padilla has no documents to support his allegation that he worked uncompensated overtime hours. Therefore, after consultation with his attorney, Padilla agreed to settle this matter for less than the full amount of overtime compensation and liquidated damages he contended were owed to him. This sufficiently describes the reason for compromise

Because Padilla has compromised his FLSA claim, the Court must consider whether the payment to his attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Padilla agreed to accept. Counsel for Padilla states in the Joint Motion to Approve Settlement that the attorney's fee was separately negotiated from Padilla's recovery. Doc. No. 22 at 3. Where the attorney's fees were agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (11th Cir. 2009).

Here, the settlement appears reasonable on its face and there is no reason to believe that Padilla's recovery was adversely affected by the amount of fees paid to his attorney. Therefore, I

recommend that the Court approve this settlement without considering the reasonableness of the attorney's fees.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement has a confidentiality provision that is likely unenforceable in light of the public filing of the document. Therefore, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## III. RECOMMENDATION.

For the reasons stated in the foregoing report, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA;

2. **GRANT in part** the Joint Stipulation of Dismissal with Prejudice, Joint Motion for Approval of Settlement, Doc. No. 22;

3. **DIRECT** Plaintiff's counsel to provide Plaintiff with a copy of the Court's Order;

4. **DECLINE** to approve the settlement as a whole or to reserve jurisdiction to enforce it; and,

5. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 13, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record